UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH MCCRAY,

     Plaintiff,

v.                                 Case No.:  8:20-cv-3028-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Kenneth McCray seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on December 7, 2018, alleging disability beginning February 1, 2018. (Tr. 76, 89, 216-28). The applications were denied initially on May 4, 2019, and upon reconsideration on August 15, 2019. (Tr. 76, 89, 104, 120). Plaintiff requested a hearing and on June 10, 2020, a hearing was held before Administrative Law Judge Anne V. Sprague ("ALJ"). (Tr. 32-75). On June 25, 2020, the ALJ entered a decision finding Plaintiff not under a disability from February 1, 2018, through the date of the decision. (Tr. 15-25).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 22, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 21, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2018, the alleged onset date. (Tr. 17). At step two,

the ALJ found that Plaintiff had the following severe impairments: "avascular necrosis of bilateral hips s/p surgeries; and obesity." (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except the claimant can occasionally climb ladders, ropes, and scaffolds; frequently climb stairs/ramps, balance, stoop, kneel, crouch, crawl; and must avoid concentrated exposure to unprotected heights, dangerous equipment, extreme cold temperature, wetness, and vibrations.

(Tr. 19). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as an electrician helper, security officer, or sheet metal shop helper. (Tr. 23).

At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (42 on the alleged onset date), education (at least high school), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 23). Specifically, the ALJ found that Plaintiff could have performed such occupations as:

(1)   order clerk, DOT[1] 209.567-014, sedentary, unskilled, SVP 2

(2)   weight tester, DOT 539.485-010, sedentary, unskilled, SVP 2

(3)   lens inserter, DOT 713.687-026, sedentary, unskilled, SVP 2.

(Tr. 24). The ALJ concluded that Plaintiff had not been under a disability from February 1, 2018 through the date of the decision. (Tr. 24).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ erred in failing to consider a closed period of time. (Doc. 22, p. 6). Although Plaintiff's arguments are not entirely clear, Plaintiff appears to contend that the ALJ should have considered whether there was a continuous period of 12 months when Plaintiff was unable to engage in substantial gainful activity. (Doc. 22, p. 6-8). The Commissioner responds that Plaintiff did not ask the ALJ to consider two distinct periods of time, failed to prove he was disabled for any consecutive twelve-month period, and substantial evidence supports the ALJ's decision. (Doc. 22, p. 8-10).

Under 20 C.F.R. § 404.1509, "[u]nless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months." In a "closed period" case, an ALJ determines whether a claimant "'was disabled for a finite period of time which started and stopped prior to the date

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

of his decision.'" *Mitchell v. Comm'r of Soc. Sec.*, 393 F. App'x 651, 652 (11th Cir. 2010) (quoting *Pickett v. Bowen*, 833 F.2d 288, 289 n.1 (11th Cir.1987)); *see also* 42 U.S.C. § 423(d)(1)(A) (" The term "disability" means—(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."). If found disabled, such a claimant would receive a lump-sum payment and not ongoing monthly benefits. *Id.* When an ALJ determines that a claimant was not disabled at any time from the alleged onset date to the date of the hearing, and that determination is supported by substantial evidence, the ALJ does not err by failing to consider a claimant's eligibility for benefits for a closed period. *Jones v. Comm'r of Soc. Sec.*, 181 F. App'x 767, 773 (11th Cir. 2006).

In the decision, the ALJ acknowledged, "[d]isability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that . . . has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 15). The ALJ then found that after consideration all of the evidence, Plaintiff had not been under a disability within the meaning of the Social Security Act from February 1, 2018, through the date of the decision. (Tr. 16).

Plaintiff argues that the ALJ erred by failing to consider whether he was entitled to a closed period of disability for any 12-month period between February 2018 and June 2020. In support of his position that his bilateral hip condition prevented him from working, Plaintiff cites some of the following treatment records:

- November 13, 2018 – chronic left hip pain with MRI showing evidence of osteonecrosis of the hip. Plaintiff had decreased range of motion and pain with movement of left hip. This may lead to a hip replacement. Plaintiff had not been able to work since July and his condition is considered permanent. Plaintiff is also developing similar manifestations in other joints. (Tr. 709).

- February 12, 2019 – Plaintiff underwent bilateral hip core decompression. (Tr. 768).

- April 16, 2019 – consultative examination. Plaintiff reported constant bilateral hip pain that worsens with activity. His pain could be as severe as 10/10. Plaintiff walked with a moderate to severe limp on the right and appeared mildly unstable/unsteady. There was bilateral hip stiffness and severe tenderness of the right more than left. Plaintiff could not stand on his right leg, could not walk or stand on heels or toes, and could not squat. The physician determined Plaintiff had bilateral hip avascular necrosis status post-surgery, chronic bilateral hip pain, and gait impairment secondary to the avascular necrosis. (Tr. 748-50).

- June 25, 2019 – Mild to moderate degenerative changes of the right hip slightly greater than the left hip. (Tr. 759)

- July 1, 2019 – While the treatment notes indicate Plaintiff was doing very well since surgery and his pain improved and was well controlled, Plaintiff walked with 2 crutches and the medical source recommended that Plaintiff undergo a total hip arthroplasty. (Tr. 756-57).

- August 20, 2019 – Plaintiff underwent a total left hip arthroplasty. (Tr. 822).

- October 29, 2019 – Plaintiff underwent a total right hip arthroplasty. (Tr. 809, 812).

- November 7, 2019 – Plaintiff was doing well post-surgery. He was referred to outpatient physical therapy to work on range-of-motion strengthening. The medical source also recommended beginning to wean off of pain medications as tolerated. (Tr. 807, 810).

- December 16, 2019 – While treatment notes indicated that Plaintiff was doing very well since surgery and pain was controlled, Plaintiff had an antalgic gait, and was subject to instability. He may require revision surgery, but on the date of the visit, the medical source would continue to have him strengthen and watch his clinical examinations. (Tr. 803-804).

Although the ALJ discussed some of these treatment notes, she failed to mention or discuss Plaintiff's total left hip arthroplasty that occurred in August 2019. (*See* Tr. 21). As the above timeline shows, Plaintiff had serious hip impairments prior to the first February 2019 procedure, and limited time periods between his procedures to recover and be able to work before the next major procedure. While Plaintiff may have recovered for a time from the February 2019 procedure, by April, he was in severe pain. (Tr. 766, 748-750). From April, his condition deteriorated further in June and July until his August total left hip arthroplasty. (Tr. 756-57, 759, 822). Two months later, he had a total right hip arthroplasty. (Tr. 809, 812). After that, he began his post-surgery recovery.

From the decision, it is impossible to determine whether the ALJ considered any closed period of time from the alleged onset date to the hearing date. That failure coupled with no mention of the August 2019 total left hip arthroplasty shows the

ALJ did not fully consider the medical records and whether Plaintiff's hip condition persisted for a 12-month period such that he was disabled for a closed period. Also troubling is the ALJ's statement, "[i]n sum, the claimant received fairly conservative treatment for his physical impairments along with essentially normal results on physical examinations." (Tr. 22). Three hip surgeries within a year cannot be considered "conservative treatment." Nor did he have "essentially" normal results on physical examinations or else these surgeries arguably would not have occurred. Given the chronology of the medical records in this case, there is evidence in the record that may support a closed period of disability lasting at least 12 months.[2] As a result, the ALJ's decision must be reversed and remanded for further proceedings.

## III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider whether

---

[2] The Commissioner argues that Plaintiff did not request that the ALJ consider a closed period and therefore this argument fails. (Doc. 22, p., 8). But the cases cited by the Commissioner— *Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010), *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996), *St. v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005)—only reflect incidences where the claimant failed to include an impairment in the application or raise it at the hearing. These cases do not address whether the ALJ failed to consider a closed period. (Doc. 22, p. 8). Plus, in the decision, the ALJ stated that the issue was whether the claimant was disabled and "[d]isability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that . . . has lasted or can be expected to last for a continuous period of not less than 12 months." (Tr. 15). The ALJ did not resolve this issue in the decision.

Plaintiff was disabled for any consecutive 12-month period. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

      **DONE** and **ORDERED** in Fort Myers, Florida on February 17, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties